# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JARED SCOTT AGUILAR #508542, | )<br>) |
| Petitioner, | )<br>) |
| v. | ) No. 3:16-cv-00779<br>) |
| | ) Senior Judge Nixon |
| MIKE PARRIS, | )<br>) |
| Respondent. | ) |

## ORDER

Petitioner Jared Scott Aguilar, a state prisoner serving an effective sentence of ten years for six counts of sexual exploitation of a minor, has filed a *pro se* petition under 28 U.S.C. § 2254 for the writ of habeas corpus. (ECF No. 1.) Respondent has filed an answer, along with a copy of portions of the state court record (ECF Nos. 26, 27), and Petitioner has filed a reply. (ECF No. 28.) The matter is ripe for adjudication.

As set forth in the accompanying Memorandum, Petitioner is not entitled to relief under § 2254 on any of his claims. Accordingly, the petition is hereby **DENIED**, and this action is **DISMISSED** with prejudice.

Petitioner's "motion for priority on the docket" (ECF No. 29) is **DENIED** as moot.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. A petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v.*

*Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). "[A] COA does not require a showing that the appeal will succeed," *Miller–El*, 537 U.S. at 337, but courts should not issue a COA as a matter of course. *Id.*

Because reasonable jurists could not debate whether Petitioner is entitled to relief on any of his claims, the Court **DENIES** a certificate of appealability. Petitioner may still seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

_____
John T. Nixon, Senior Judge
United States District Court